## No. 734

### RAMSEY et v. PUB. UTIL. COMM.

No. 19757. Supreme Court

Petition in Error. Dock. April 8, 1926; 4 Abs. 255.

**973. PUBLIC UTILITIES COMMISSION—** Can Commission grant permission to transfer certificate of public convenience and necessity?

The petition alleged that on February 17, 1926, the Public Utilities Commission entered a final order allowing the transfer of a Certificate of Public Convenience and Necessity from The Nelsonville Transportation Co. to Nelsonville-Lancaster Bus Co. over the protest of H. Harold Ramsey and others.

It is contended that the order is unlawful and void and that error is manifest in the following particulars:

1. That the certificate, the transfer of which was permitted by said order, had not been used for six months prior to the hearing contrary to the terms of the certificate and that the orders of the commission had not been complied with.

2. That said certificate because of such nonuser, and the failure of the holder thereof to comply with the orders of the Commission, and the provisions of the law, was subject to revocation, and should have been revoked by the Commission.

3. That the holder of said Certificate had not at the time of the hearing paid the taxes provided by 614-94 GC., and that said certificate was not at that time a valid certificate, and that the order of said Commission in permitting its transfer was illegal and unreasonable.

4. The evidence does not show that public convenience and necessity required the operation of motor bus transportation under said certificate.

5. The public convenience and necessity is adequately served by motor bus transportation furnished by the holders of other certificates.

6. That permitting the transfer of said certificate and the operation of motor bus transportation service thereunder will result in great and irreparable damage and loss to plaintiffs in error and will furnish no benefit to the public.

7. That at the time of the filing of the joint application and at the time of the hearing thereon, The Nelsonville-Lancaster Bus Company had not completed its corporate organization, was not a corporation de jure and had no standing as a Public Utilities corporation and could not legally make application for permission, or be permitted to, or receive a transfer of a certificate of public convenience and necessity.

8. The decision and order of the Commission is contrary to law; and against the weight of the evidence.

9. The Commission erred in failing to give notice of the hearing on the application for rehearing, and in refusing to give plaintiffs in error an opportunity to be heard.

10. The Commission erred in refusing to permit plaintiffs in error to present newly discovered evidence.

The plaintiffs here seek a reversal and vacation of the order.

**Attorneys**—O. M. Crotty and Paul S. Knight Cleveland. for Ramsey et: C. C. Crabbe and J. W. Bricker, Columbus, for Commission.

---

## No. 736

### CHARDON (Village) v. STERNFIELD

No. 19926. Supreme Court

On motion to certify. Dock. June 24, 1926; 4 Abs. 475.

**665. JOINDER OF PARTIES**—Where a municipal corporation in Geauga County is sued jointly with a railroad company in Cuyahoga County as joint tort feasors and the court dismisses the action in so far as the railroad is concerned, has said court jurisdiction over the village in spite of this fact after a demurrer to the petition has been filed questioning the jurisdiction of the court?

Rose Sternfield, administratrix of the estate of Edward Sternfield, deceased, filed this action originally in the Cuyahoga Common Pleas against the Village of Chardon and the Baltimore & Ohio Railroad Co. for damages resulting from the wrongful death of the deceased.

It appears that Sternfield was killed while driving a truck by striking a low bridge constructed by the company in charge. The action was dismissed in so far as the company was concerned and the Village filed a demurrer attacking the jurisdiction of the court.

The judgment of the Common Pleas in favor of the village was reversed by the Court of Appeals.

The Village in the Supreme Court contends:

1. That the Cuyahoga Common Pleas had no jurisdiction over a municipal corporation in another county when a jiont tort feasor has been dismissed from the action.

2. That the Village did not enter its appearance by filing a demurrer.

3. That it was a mis-joinder of parties defendant.

4. That the separate causes of action against the co-defendants were improperly joined.

5. That sufficient facts were not stated to constitute a cause of action.

**Attorneys**—H. J. Thrasher and R. S. Parks, Chardon, for Village; Moore, Mahon, Miller & Moore, Cleveland, for Sternfield.